**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SELINA JONES,

Plaintiff,

v.

VIRTUA HEALTH, INC., et al.,

Defendants.

Civil No. 15-5840 (NLH/JS)

**OPINION**

**APPEARANCES:**

RACHEL S. LONDON
ZACHARY R. WALL
WALL & LONDON LLC
34 TANNER STREET
SUITE 4
HADDONFIELD, NJ 08033
On behalf of Plaintiff

DENISE MARIE MAHER
KRISTINE GRADY DEREWICZ
LITTLER MENDELSON PC
1601 CHERRY STREET
SUITE 1400
PHILADELPHIA, PA 19102
On behalf of Defendants

**HILLMAN, District Judge**

Plaintiff, Selina Jones, was employed by Defendant, Virtua Health, Inc., as a registered nurse from 1998 until her termination on December 8, 2014. Plaintiff suffered a work injury in April 2014, and Plaintiff claims that in November 2014, Virtua notified her that it would no longer accommodate

her physical restrictions and it ordered Plaintiff to take a 30-day personal leave of absence. Plaintiff claims that Virtua informed her that if she did not find a new position at Virtua within those 30 days, she would be terminated. Plaintiff was unable to secure a new position at Virtua by the expiration of the 30-day time period, and as a result, she was terminated. Following her termination date, Plaintiff claims that she applied for two positions at Virtua for which she was qualified, but she was not offered either position.

In a complaint she filed in New Jersey Superior Court, Plaintiff claims that Defendants' actions violated the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq. (Counts One, Two, Three), the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. (Count Four), and New Jersey's common law of wrongful termination. Defendants removed Plaintiff's case to this Court pursuant to 28 U.S.C. § 1331 based on Plaintiff's FMLA claim, which serves as the sole basis for this Court's exercise of subject matter jurisdiction.[1]

Discovery concluded on May 31, 2016, and dispositive motions were due by June 15, 2016. On June 13, 2016, Plaintiff

[1] Diversity of citizenship does not exist between the parties precluding 28 U.S.C. § 1332 as a basis for subject matter jurisdiction.

filed a notice of voluntary dismissal of her FMLA count in tandem with her motion to remand for lack of subject matter jurisdiction. (Docket No. 15). On June 15, 2016, Defendants filed a motion for summary judgment on all of Plaintiffs' claims. (Docket No. 16.) On July 5, 2016, the Court granted Plaintiff's request to stay further briefing on the motion for summary judgment pending the Court's decision on the motion to remand. (Docket No. 21.)

In her motion to remand, Plaintiff argues that because subject matter jurisdiction has been extinguished as a result of her voluntary dismissal of her FMLA claim, the Court should decline to exercise supplemental jurisdiction over her remaining state law claims and remand the matter to New Jersey state court. Virtua has opposed Plaintiff's motion, arguing that Plaintiff's dismissal of her FMLA claim and the filing of her motion to remand is gamesmanship to avoid the Court's consideration of Virtua's motion for summary judgment. Virtua also argues that remand at this stage in the case would be unjust and injudicious.

In response, Plaintiff points out that four of her five substantive claims arise under New Jersey law, and counters Virtua's argument that Plaintiff is engaging in forum shopping because New Jersey state court was her original choice of forum,

with Virtua removing the matter to federal court. Plaintiff further explains that it was only after Virtua's corporate representative's deposition on May 25, 2016, when she determined to withdraw her FMLA claim shortly thereafter.

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." A district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. Id. § 1367(c).

In the situation where a case has been removed from state court to federal court because a federal claim is pleaded in a

plaintiff's complaint, see id. § 1441(a),[2] "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. § 1447(c).

The law on supplemental jurisdiction has been long established.

> Pendent jurisdiction, in the sense of judicial power . . . [is a] power [that does not] need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

United Mine Workers of America v. Gibbs, 383 U.S. 715, 726–27 (1966).

---

[2] 28 U.S.C. § 1441(a) provides in relevant part, "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

The law on remand is similarly well-established, and when issues of supplemental jurisdiction arise in a case removed from state court the analysis is even more restrictive than when the analysis is applied to a complaint originally filed in federal court. “[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.” A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 208 (3d Cir. 2014) (quotations and citation omitted); 28 U.S.C. § 1447(c) (“If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.” (emphasis added)); see also Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (quoting Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)) (emphasis in original) (“This Court has recognized that, ‘where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.’”).

Ultimately, however, a “district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.” Carlsbad Technology, Inc. v. HIF Bio, Inc., 556

U.S. 635, 639 (2009) (citing Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997)) ("Depending on a host of factors, then - including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims - district courts may decline to exercise jurisdiction over supplemental state law claims.")).

In this case, three factors compel the Court to decline its continuing exercise of supplemental jurisdiction and remand the matter to state court.

1. Other than the lone claim brought under the FMLA, the remainder of Plaintiff's entire complaint alleges violations of New Jersey state statutory and common law. Even though this Court is "bound to apply state law" to Plaintiff's state law-based claims, the Supreme Court in Gibbs directed 50 years ago that "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726–27. The determination of the scope of the NJLAD and what conduct constitutes a violation of the NJLAD is better suited to be adjudicated by the New Jersey courts. See, e.g., Collins v. County of Gloucester, 2009 WL 2168704, at *2 (D.N.J. 2009) (after the federal claims were dismissed,

declining to continue exercising supplemental jurisdiction over remaining state law loss of consortium claims, and observing "a state court, who by virtue of that judge's expertise and principles of comity is in a better position to decide the questions of state law raised by" the plaintiff's claims); Kalick v. Northwest Airlines Corp., 2009 WL 2448522, at *8 (D.N.J. 2009) (following the reasoning of Collins v. County of Gloucester, and declining to continue exercising supplemental jurisdiction over the plaintiff's state law breach of contract and fraud claims); see also Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 487 (3d Cir. 1998) ("[T]he question of whether the proposed funding scheme for the Westside Connector violates the New Jersey Constitution is a complex issue of state law which is better left to the New Jersey courts to determine.") (citing Doe v. Sundquist, 106 F.3d 702, 708 (6th Cir. 1997) (declining to exercise supplemental jurisdiction, in part, "out of respect for the right of a state court system to construe that state's own constitution")).

2. Even though this case is in a later stage than many cases that are remanded, the action is currently "before trial," which is in the sphere of permissible remand. See Gibbs, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional

sense, the state claims should be dismissed as well.”). That the discovery process has concluded in this matter and a summary judgment motion is pending suggests even less of an effect on judicial economy, convenience, and fairness to the parties than if the case were still in the thick of the discovery process.[3] When the parties return to state court, Virtua may simply refile its motion for summary judgment and obtain a ruling on its motion on state law issues in that forum. See, e.g., Makwana v. Medco Health Services, Inc., 2016 WL 7477755, at *4–5 (D.N.J. 2016) (declining to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims, finding that although “remand will certainly delay decision on the remaining summary judgment issues, the parties' central facts and substantive arguments should remain the same. Remand would serve the goals of judicial economy and comity by allowing the New Jersey courts to apply New Jersey law”); Collins v. County of Gloucester, 2009 WL 2168704, at *2 (D.N.J. 2009) (finding that “the existence of pending motions does not constitute exceptional circumstances justifying supplemental jurisdiction,” where the plaintiff “has

[3] This is not to suggest that remand would not have been appropriate in this case if discovery were ongoing. Whether to continue exercising supplemental jurisdiction is a discretionary analysis that must be performed on a case-by-case basis, including consideration of the procedural posture of the matter at the time the issue is raised before the Court.

the benefit not only of the discovery that has occurred in this Court, but the briefing as well," and the "work done in this Court is easily transferred to state court without duplication of efforts, consequently expediting any state court proceedings").

3. Plaintiff has not manipulated the proceedings in order to return to state court. This Court has no reason to question counsel's explanation that after the May 25, 2016 deposition of Virtua's corporate representative, and the review of the transcripts that were subsequently provided, counsel reevaluated Plaintiff's FMLA claim and determined less than three weeks later to withdraw that claim. "A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case," including a plaintiff who attempts to "regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case," but that conduct "hardly justifies a categorical prohibition on the remand of cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case." See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988).

Looking at Virtua's argument in a different way, Virtua's

pending motion for summary judgment includes argument as to why it is entitled to judgment on Plaintiff's FMLA claim since it was pending at the time Virtua prepared its summary judgment motion. (Docket No. 16-1 at 25-30.) If the Court had considered the motion and resolved Plaintiff's FMLA claim in Virtua's favor, rather than Plaintiff having voluntarily dismissed that claim, the Court would have then been permitted to *sua sponte* perform the supplemental jurisdiction analysis before assessing Virtua's motion on Plaintiff's state law claims. In that procedural posture, the Court would have come to the same conclusion that the case belongs in state court. This same procedure has been performed by many courts in the same situation. See, e.g., Geronimo v. Slattery, 2014 WL 202126, at *5 (D.N.J. 2014) (in a case removed from state court on the basis of federal question jurisdiction, granting summary judgment in defendants' favor on plaintiff's federal claims, *sua sponte* declining to exercise supplemental jurisdiction on remaining state law claims, and remanding remainder of case to state court); Wills, O'Neill & Mellk v. Rothman, 2012 WL 1854060, at *11 (D.N.J. 2012) (same); Bezerra v. DeLorenzo, 2010 WL 2667185, at *14 (D.N.J. 2010) (same); Mosca v. Cole, 384 F. Supp. 2d 757, 760 (D.N.J. 2005), aff'd 217 F. App'x 158, 159 (3d Cir. 2007) (same); Greenley v. P & G Mehoopany Employees Federal

Credit Union, 2012 WL 3137902, at *1 (M.D. Pa. 2012) (same); cf. Schaffer v. Township of Franklin, 2010 WL 715349, at *1 (D.N.J. 2010) (in resolving defendants' summary judgment motion on plaintiff's complaint originally filed in federal court, granting judgment in defendants' favor on the lone federal question presented in the plaintiff's complaint, and *sua sponte* declining to continue exercising supplemental jurisdiction over plaintiff's state law claims, and dismissing the case).

Simply put, Plaintiff's dismissal of her FMLA claim and request to remand her case to state court presents few concerns of injudiciousness, inconvenience, and unfairness. Accordingly, Supreme Court and Third Circuit precedent, and 28 U.S.C. §§ 1367(a) and 1441(a), all support the remand of this action.

An appropriate Order will be entered.

Date: January 9, 2017
At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.